**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Northern District of Texas**
(State)

Case number *(if known)*: _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Zips 6050 Wade Hampton, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **N/A** |

4.  **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **8400 Belleview Drive**<br>Number    Street | Number    Street |
| **Suite 210** | P.O. Box |
| **Plano**    **TX**    **75024**<br>City    State    Zip Code | City    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Collin County**<br>County | Number    Street |
| | City    State    Zip Code |

5.  **Debtor's website** (URL)    **https://www.zipscarwash.com/**

6.  **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor    **Zips 6050 Wade Hampton, LLC**                                    Case number *(if known)* _____
          Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check One:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
**811192**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. **Check *all* that apply:**

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | _____ | | _____ MM/DD/YYYY | | _____ | |
| | District _____ | | When _____ MM/DD/YYYY | | Case number _____ | |

Debtor    **Zips 6050 Wade Hampton, LLC**                                    Case number *(if known)* _____
_____
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   **See Rider 1**                    Relationship   **Affiliate**

District   **Northern District of Texas**

When   **02/05/2025**
MM / DD / YYYY

Case number, if known   _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?   _____

☐   It needs to be physically secured or protected from the weather.

☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐   Other

**Where is the property?**   _____
Number      Street

_____
City                State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____

Contact name   _____

Phone   _____

---

| **Statistical and administrative information** |
| --- |

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

| Debtor | Zips 6050 Wade Hampton, LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

---

| **15. Estimated assets (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☒ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **02/05/2025**
MM/ DD / YYYY

**✗**   */s/ Kevin Nystrom*       **Kevin Nystrom**
Signature of authorized representative of debtor      Printed name

Title   **Chief Transformation Officer**

---

**18. Signature of attorney**

**✗**   */s/ Jason S. Brookner*     Date   **02/05/2025**
Signature of attorney for debtor      MM/DD/YYYY

**Jason S. Brookner**
Printed name

**Gray Reed**
Firm name

**1601 Elm Street, Suite 4600**
Number        Street

**Dallas**        **Texas**    **75201**
City        State    ZIP Code

**(214) 954-4135**        **jbrookner@grayreed.com**
Contact phone        Email address

**24033684**        **Texas**
Bar number        State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Northern District of Texas**
(State)

Case number *(if known)*: _____    Chapter ____11____

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Zips Car Wash, LLC.

- Zips Car Wash, LLC
- Express Car Wash Holdings, LLC
- Zips 2900 Wade Hampton, LLC
- Zips 3107 N. Pleasantburg, LLC
- Zips 6050 Wade Hampton, LLC
- Zips Operating Holdings, LLC
- Zips Portfolio I, LLC
- Zips Portfolio II, LLC
- Zips Portfolio III, LLC
- Zips Portfolio IV, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ZIPS 6050 WADE HAMPTON, LLC, | ) Case No. 25-[____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Zips Car Wash, LLC | 8400 Belleview Dr, Suite 210, Plano, TX 75024 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ZIPS 6050 WADE HAMPTON, LLC, | ) Case No. 25-[____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Zips Car Wash, LLC | 100% |

**Fill in this information to identify the case:**

Debtor name: **Zips Car Wash, LLC, et al.**

United States Bankruptcy Court for the **Northern District of Texas**
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SONNY'S ENTERPRISES, LLC ATTN: STEVE DEFAZIO, COO 5605 HIATUS ROAD TAMARAC, FL 33321 | STEVE DEFAZIO COO 800.327.8723 STEVE.DEFAZIO@SONNYSDIRECT.COM | TRADE PAYABLE | | | | $3,161,821 |
| 2 | GETTY LEASING, INC. ATTN: MARK OLEAR TWO JERICHO PLAZA, SUITE 110, WING C JERICHO, NY 11753 | MARK OLEAR 516.478.5400 MOLEAR@GETTYREALTY.COM | LEASE | | | | $297,852 |
| 3 | BROADSTONE ZCW PORTFOLIO, LLC ATTN: PORTFOLIO MANAGER 800 CLINTON SQUARE ROCHESTER, NY 14604 | PORTFOLIO MANAGER 585.287.6500 INFO@BROADSTONE.COM | LEASE | | | | $209,356 |
| 4 | MCS COMMERCIAL SERVICES, LLC ATTN: CRAIG TORRANCE, CEO 350 HIGHLAND DR #100 LEWISVILLE, TX 75067 | CRAIG TORRANCE CEO 813.387.1100 CTORRANCE@MCS360.COM | TRADE PAYABLE | | | | $195,204 |
| 5 | ASCEND TECHNOLOGIES LLC ATTN: KENNY KINLEY, CEO 200 W ADAMS ST., SUITE 1600 CHICAGO, IL 60606 | KENNY KINLEY CEO 833.629.2285 INFO@TEAMASCEND.COM | TRADE PAYABLE | | | | $152,560 |
| 6 | PETRA HYGIENIC SYSTEMS ATTN: VINCENT ALTON, COO 1255 FEWSTER DRIVE MISSISSAUGA, ON L4W 1A2, CANADA | VINCENT ALTON COO 905.670.4455 INFO@PETRAHYGIENIC.COM | TRADE PAYABLE | | | | $143,290 |
| 7 | EDAFIO TECHNOLOGIES, LLC ATTN: KENNY KINLEY, CEO 5400 NORTHSHORE DR. NORTH LITTLE ROCK, AR 72118 | KENNY KINLEY CEO 833.629.2285 KKINLEY@EDAFIO.COM | TRADE PAYABLE | | | | $136,990 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | STRIPE, INC. ATTN: PATRICK COLLISON, CEO 354 YOOYSTER POINT BLVD SOUTH SAN FRANCISCO, CA 94080 | PATRICK COLLISON CEO 888.926.2289 SALES@STRIPE.COM | TRADE PAYABLE | | | | $123,256 |
| 9 | EXPWASH RE PORTFOLIO ATTN: HILLARY HAI 47 HULFISH STREET, SUITE # 210 PRINCETON, NJ 08542 | HILLARY HAI 609.436.0613 HILLARY.HAI@STONEBRIARCF.COM | LEASE | | | | $119,812 |
| 10 | GALLOP BRUSH CO ATTN: THEODORE YAMIN SR., CEO 558 MORRICE BOULEVARD IMLAY CITY, MI 48444 | THEODORE YAMIN SR. CEO 810.721.7255 INFO@GALLOPBRUSH.COM | TRADE PAYABLE | | | | $84,974 |
| 11 | EXPRESS CARWASH ATTN: SCOTT BESCH, CEO 4014 E 143 RD STREETGRANDVIEW, MO 64030 | SCOTT BESCH CEO 913.717.7179 SCOTT@EXPRESSCARWASH.COM | TRADE PAYABLE | | | | $79,155 |
| 12 | INGLES MARKETS, INCORPORATED ATTN:  REAL ESTATE DEPARTMENT P.O. BOX 6676 ASHEVILLE, NC 28816 | REAL ESTATE DEPARTMENT 828.669.2941 LMCGRATH@INGLES-MARKET.COM | LEASE | | | | $77,974 |
| 13 | INNOVATIVE CONTROL SYSTEMS, INC. ATTN: KEVIN AHNERT, PRESIDENT 81 HIGHLAND AVE., SUITE 300 BETHLEHEM, PA 18017 | KEVIN AHNERT PRESIDENT 610.881.8000 HELPDESK@ICSCARWASHSYSTEMS.COM | TRADE PAYABLE | | | | $75,889 |
| 14 | ULINE INC ATTN: LIZ UIHLEIN, PRESIDENT 12575 ULINE DRIVE PLEASANT PRAIRIE, WI 53158 | LIZ UIHLEIN PRESIDENT 800.295.5510 LIZ@ULINE.COM | TRADE PAYABLE | | | | $74,191 |
| 15 | YEXT, INC. ATTN: MIKE WALRATH, CEO 61 NINTH AVENUE NEW YORK, NY 10011 | MIKE WALRATH CEO 212.994.3900 IR@YEXT.COM | TRADE PAYABLE | | | | $74,190 |
| 16 | EMBARK CONSULTING, LLC ATTN: BRADY MINYARD, CFO 333 1ST AVE DALLAS, TX 75226 | BRADY MINYARD CFO 214.225.0148 BRADY@EMBARKWITHUS.COM | TRADE PAYABLE | | | | $73,604 |
| 17 | DRB SYSTEMS LLC ATTN: DAN PITTMAN, PRESIDENT 3245 PICKLE ROAD AKRON, OH 44312 | DAN PITTMAN PRESIDENT 330.645.4200 INFO@DRB.COM | TRADE PAYABLE | | | | $64,647 |
| 18 | NATIONAL CARWASH SOLUTIONS INC ATTN: JESSE WURTH 1500 SE 37TH STREET GRIMES, IA 50111 | JESSE WURTH 515.986.3700 JESSE.WURTH@NCSWASH.COM | TRADE PAYABLE | | | | $63,417 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 ROCKET PROPERTIES BOISE, LLC C/O ROCKET EXPRESS LLC ATTN: JOE AND JANET RUSSEL 1205 E. WARM SPRINGS AVE BOISE, ID 83712 C/O HOLLAND & HART ATTN: JACQUELINE N. WALTON 800 WEST MAIN STREET, SUITE 1750 BOISE, ID 83702 | JOE AND JANET RUSSEL JACQUELINE N. WALTON JANETRUSSELL888@GMAIL.COM; JCHARLESRUSSEL@GMAIL.COM JNWALTON@HOLLANDHART.COM | LEASE | | | | $58,366 |
| 20 ROCKET PROPERTIES SOUTH JORDAN, LLC C/O ROCKET EXPRESS LLC ATTN: JOE AND JANET RUSSEL 1205 E. WARM SPRINGS AVE BOISE, ID 83712 C/O HOLLAND & HART ATTN: JACQUELINE N. WALTON 800 WEST MAIN STREET, SUITE 1750 BOISE, ID 83702 | JOE AND JANET RUSSEL JACQUELINE N. WALTON JANETRUSSELL888@GMAIL.COM; JCHARLESRUSSEL@GMAIL.COM JNWALTON@HOLLANDHART.COM | LEASE | | | | $58,366 |
| 21 ROCKET PROPERTIES TWIN, LLC C/O ROCKET EXPRESS LLC ATTN: JOE AND JANET RUSSEL 1205 E. WARM SPRINGS AVE BOISE, ID 83712 C/O HOLLAND & HART ATTN: JACQUELINE N. WALTON 800 WEST MAIN STREET, SUITE 1750 BOISE, ID 83702 | JOE AND JANET RUSSEL JACQUELINE N. WALTON JANETRUSSELL888@GMAIL.COM; JCHARLESRUSSEL@GMAIL.COM JNWALTON@HOLLANDHART.COM | LEASE | | | | $58,366 |
| 22 ROCKET PROPERTIES MERIDIAN, LLC C/O ROCKET EXPRESS LLC ATTN: JOE AND JANET RUSSEL 1205 E. WARM SPRINGS AVE BOISE, ID 83712 C/O HOLLAND & HART ATTN: JACQUELINE N. WALTON 800 WEST MAIN STREET, SUITE 1750 BOISE, ID 83702 | JOE AND JANET RUSSEL JACQUELINE N. WALTON JANETRUSSELL888@GMAIL.COM; JCHARLESRUSSEL@GMAIL.COM JNWALTON@HOLLANDHART.COM | LEASE | | | | $53,060 |
| 23 CARDLYTICS INC. ATTN: AMIT GUPTA, CHIEF EXECUTIVE OFFICER 675 PONCE DE LEON AVENUE NE ATLANTA, GA 30308 | ATTN: AMIT GUPTA CEO 866.269.1020 IR@CARDLYTICS.COM | TRADE PAYABLE | | | | $51,298 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | WIND RIVER ENVIRONMENTAL LLC ATTN: DAVID PARRY, CHIEF EXECUTIVE OFFICER 46 LIZOTTE DR STE 100 MARLBOROUGH, MA 01752 | ATTN: DAVID PARRY CEO 978.389.9164 MARKETING@WRENVIRONMENTAL.COM | TRADE PAYABLE | | | | $47,247 |
| 25 | ZIPS PATTERSON STREET, LLC ATTN: ANTHONY M. ZIRILLE, DAN MICHAEL, GEORGE HUBER 127 W. BERRY STREET, SUITE 300 FORT WAYNE, IN 46802 | ANTHONY M. ZIRILLE, DAN MICHAEL, GEORGE HUBER 260.426.4704 AZIRILLE@EIGFW.COM | LEASE | | | | $45,839 |
| 26 | WOVEN BRANDS LLC ATTN: MATT GOEBEL, CHIEF EXECUTIVE OFFICER 6304 GUILFORD AVENUE INDIANAPOLIS, IN 46220 | ATTN: MATT GOEBEL CEO SUPPORT@STARTWOVEN.COM | TRADE PAYABLE | | | | $44,000 |
| 27 | PALETZ ROOFING & INSPECTIONS, INC. ATTN: CYNTHIA PALETZ, PRESIDENT 10428 W STATE RD 84 DAVIE, FL 33324 | ATTN: CYNTHIA PALETZ, PRESIDENT 833.313.1215 INFO@PALETZROOFING.COM | TRADE PAYABLE | | | | $43,596 |
| 28 | JMIS KENTUCKY, LLC ATTN: ERIK JUDSON, CHIEF EXECUTIVE OFFICER 1412 CAMINO DEL MAR, SUITE B DEL MAR, CA 92014 | ERIK JUDSON CEO INFO@JMISPORTS.COM | TRADE PAYABLE | | | | $43,497 |
| 29 | TANGO ANALYTICS, LLC ATTN: BRAD BIAGINI COO 9797 ROMBAUER RD, SUITE 450 DALLAS, TX 75019 | BRAD BIAGINI COO 855.938.2646 BRAD.BIAGINI@TANGOANALYTICS.COM | TRADE PAYABLE | | | | $40,334 |
| 30 | BBR OIL IX, LLC ATTN:  BRIAN COOK 2769 PARKERS LANDING RD. MOUNT PLEASANT, SC 29466 | BRIAN COOK 843.906.0058 EMAIL: BCOOKX@GMAIL.COM | LEASE | | | | $38,681 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Zips 6050 Wade Hampton, LLC** |
| United States Bankruptcy Court for the: | **Northern District of Texas** |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **02/05/2025** | ☒ */s/ Kevin Nystrom* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Kevin Nystrom** |
| | | Printed name |
| | | **Chief Transformation Officer** |
| | | Position or relationship to debtor |

Official Form 202                                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS ACTION BY WRITTEN CONSENT
OF THE BOARDS OF MANAGERS AND SOLE MEMBERS OF
ZIPS CAR WASH, LLC AND EACH OF THE SUBSIDIARIES THERETO**

**February 5, 2025**

The undersigned, being the members of the board of managers or the sole member (each, a "Governing Body"), as applicable, of each of the entities identified on **Schedule 1** attached hereto (each, a "Company" or "Filing Entity" and, collectively, the "Companies" or the "Filing Entities"), hereby take the following actions and adopt the following resolutions by written consent pursuant to the organizational documents of each Company (the "Organizational Documents") and the respective laws of the state of formation of each such Company, as applicable:

**WHEREAS**, on August 19, 2024, the board of managers of Zips Car Wash, LLC ("ZCW," and the board of managers, the "Board") determined, in an exercise of its business judgment, that it was advisable and in the best interest of the Company to constitute, and did so constitute, the special committee of the board of managers of ZCW (the "Special Committee") for the purpose of, among other things, (a) engaging in an evaluation of a strategic transaction or a series of strategic transactions (a "Transaction") and (b) taking any necessary action related to any matter related to a Transaction in which a conflict exists or is reasonably likely to exist between ZCW, on one hand, and any of its equity holders, affiliates, subsidiaries, directors, managers, and officers, or other stakeholders, on the other hand (such matters, "Conflict Matters");

**WHEREAS**, the Board delegated to the Special Committee the authority and power to review, discuss, consider, and negotiate ZCW's entry into and consummation of a Transaction, including to (i) review and evaluate any such Transaction and consider whether or not it is fair to and in the best interests of ZCW and its respective stakeholders to proceed with such Transaction, and (ii) to determine that any such Transaction should not proceed at the present time if not fair or in such best interests;

**WHEREAS**, the Board delegated to the Special Committee the exclusive authority to review, discuss, consider, negotiate, approve, authorize, and act upon any Conflicts Matters;

**WHEREAS**, on October 22, 2024, to the fullest extent permitted under applicable law, the Board delegated to the Special Committee the authority to authorize a voluntary bankruptcy filing or other insolvency proceeding of the Filing Entities, pursuant to a unanimous vote by the Special Committee in support of ZCW commencing such voluntary bankruptcy filing or other insolvency proceeding;

**WHEREAS**, the Governing Bodies have been apprised that the Special Committee has determined, in an exercise of its business judgment, that it is desirable and in the best interests of each Company and the respective stakeholders for each Company (a) to file, or cause the filing of voluntary petitions for relief (the "Bankruptcy Petitions") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") pursuant to applicable law and in accordance with the requirements of the Organizational Documents and applicable law; and (b) to enter into and perform under the postpetition credit facility (the "DIP Financing"); *provided* that the Company's entry into the DIP Financing and determination to file Bankruptcy Petitions shall not be fully approved until the Company obtains

separate authority from each of the Governing Bodies, to enter into the DIP Financing and to file Bankruptcy Petitions with respect to aspects thereof that do not constitute Conflict Matters;

**WHEREAS**, the Governing Bodies have reviewed and considered certain materials presented by, or on behalf of, such Company's management team and financial and legal advisors regarding the liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to it, and the effect of the foregoing on each Company's business and operations;

**WHEREAS,** the Governing Bodies have reviewed and considered the chapter 11 plan of reorganization (the "Plan") and the disclosure statement relating to such Plan (as amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"), and have had adequate opportunity to consult with management of the Companies and its financial and legal advisors regarding the materials, obtain additional information, and fully consider each of the strategic alternatives available to each Company; and

**WHEREAS**, the Governing Bodies have determined in their respective business judgment, that the adoption of the following resolutions and the actions, transactions, and documentation contemplated thereby are advisable and in the best interests of each Company, their interest holders, their subsidiaries, their creditors, and the other parties in interest.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that pursuant to the applicable Organizational Documents, the Governing Bodies do hereby adopt the following resolutions:

*Chapter 11 Filing*

**BE IT RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of their applicable Company (including consideration of its creditors and other parties in interest) that the applicable Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, the Bankruptcy Petitions in the Bankruptcy Court or other court of competent jurisdiction; and, in accordance with the requirements of the Organizational Documents and applicable law, hereby consent to, authorize, approve, confirm and ratify all actions in connection with the filing of the respective Bankruptcy Petition;

**RESOLVED**, that any other duly-appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed, together with the financial and legal advisors to the respective Company, to take and perform any and all further acts and deeds that each of the

Authorized Signatories deem necessary, proper, or desirable in connection with each respective Company's chapter 11 case, with a view to the successful prosecution of such case; and

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors to the Companies, to take all actions or to not take any action in the name of the Companies and its direct and indirect subsidiaries, and to execute, acknowledge, deliver, and file any and all such instruments, with respect to the transactions contemplated by the Plan and these resolutions, as such Authorized Signatories shall deem necessary or desirable in such Authorized Signatories' reasonable business judgment;

### *Retention of Professionals*

**BE IT RESOLVED**, that each of the Authorized Signatories be, and hereby are, authorized, empowered, and directed to retain on behalf of each respective Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (ii) the law firm of Gray Reed & McGraw LLP as local bankruptcy counsel; (iii) Evercore Group LLC as investment banker; (iv) AlixPartners LLP as financial advisor; (v) Kroll Restructuring Administration LLC as noticing and claims agent; (vi) Hilco Real Estate LLC as real estate consultant and advisor; and (vii) PwC US Tax LLP as tax advisor; and (viii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Signatories deem necessary, appropriate, or advisable; each to represent and assist the Companies in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, each of the Authorized Signatories, with the power of delegation, is, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such professionals.

### *Chapter 11 Plan and Disclosure Statement*

**BE IT RESOLVED**, that in the business judgment of the Governing Bodies, it is desirable and in the best interests of their respective Company, its creditors, and other stakeholders that the Authorized Signatories file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents related thereto, and to take any and all actions that the Governing Bodies deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

**RESOLVED**, that the form, terms, and provisions of the Plan and Disclosure Statement are hereby approved by the Governing Bodies;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors of the Companies, to file all other documents as each, in his or her discretion, may deem necessary or advisable to confirm a chapter 11 plan of reorganization that is materially consistent with the Plan; and

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may

deem necessary or advisable in order to consummate a chapter 11 plan of reorganization that is materially consistent with the Plan if confirmed by the Bankruptcy Court.

*Use of Cash Collateral, Debtor in Possession Financing, and Adequate Protection*

**BE IT RESOLVED**, that the Filing Entities will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which may be security for certain prepetition secured lenders party to that certain Credit Agreement dated as of August 30, 2016 (as amended by the First Amendment to Credit Agreement, dated as of March 10, 2017, the Second Amendment to Credit Agreement, dated as of September 27, 2017, the Third Amendment to Credit Agreement, dated as of January 16, 2019, the Fourth Amendment to Credit Agreement, dated as of March 13, 2019, the Fifth Amendment to Credit Agreement, dated as of May 29, 2019, the Sixth Amendment to Credit Agreement, dated as of January 16, 2020, the Seventh Amendment to Credit Agreement, dated as of May 4, 2020, the Eighth Amendment, dated as of December 21, 2020, the Ninth Amendment, dated as of May 26, 2021, the Tenth Amendment, dated as of July 13, 2021, the Eleventh Amendment, dated as of August 17, 2021, the Twelfth Amendment, dated as of October 18, 2021, the Thirteenth Amendment, dated as of October 20, 2021, the Fourteenth Amendment, dated as of December 21, 2021, the Fifteenth Amendment, dated as of February 11, 2022, the Sixteenth Amendment, dated as of May 10, 2022, the Seventeenth Amendment, dated as of July 13, 2022, the Eighteenth Amendment dated as of August 24, 2022, the Nineteenth Amendment dated as of October 4, 2022, the Twentieth Amendment dated as of December 30, 2022, the Twenty-First Amendment dated as of May 15, 2023, the Twenty-Second Amendment dated September 26, 2023, the Twenty-Third Amendment dated November 17, 2023, the Waiver and Twenty-Fourth Amendment to Credit Agreement dated as of March 12, 2024, and Twenty-Fifth Amendment to Credit Agreement and Consent dated as of September 4, 2024, and as it may further be amended, restated, amended and restated, supplemented or otherwise modified from time to time, (the "Prepetition Credit Agreement") and as modified by that certain Forbearance and Consent Agreement dated as of October 16, 2024 (as amended by the Amendment No. 1 to Forbearance & Consent Agreement, dated November 16, 2024 and the Amendment No. 2 to Forbearance & Consent Agreement, dated December 16, 2024)), by and among Zips Car Wash, LLC, an Arkansas limited liability company (the "Borrower"), the loan parties party thereto, the lenders party thereto (collectively, the "Prepetition Secured Lenders") and Brightwood Loan Services LLC, in its capacity as administrative agent for the Prepetition Secured Lenders; and (b) the incurrence of a senior secured super-priority priming debtor-in-possession term loan credit facility (the "DIP Facility") consisting of $30 million in aggregate principal amount of new money term loans and a $52.5 million in aggregate principal amount of roll-up of certain outstanding Prepetition Credit Agreement term loans under that certain Senior Secured Super-Priority Priming Debtor-in-Possession Credit Agreement, dated on or around the date hereof (together with all exhibits, schedules, and annexes thereto, the "DIP Credit Agreement"), by and among the Borrower, as a debtor and debtor-in-possession, Zips Operating Holdings, LLC, a Delaware limited liability company ("Holdings"), as a debtor and debtor-in-possession, the other loan parties party thereto, each as a debtor and debtor-in-possession, the lenders from time to time party thereto, and Brightwood Loan Services LLC, in its capacity as administrative agent for the lenders (the "Administrative Agent");

**RESOLVED**, that in order to use and obtain the benefits of (a) the DIP Facility and (b) the Cash Collateral, and in accordance with section 363 and 364 of the Bankruptcy Code, the Filing

Entities will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations") documented in a proposed order in interim and final form (collectively, the "DIP Orders") and to be submitted for approval to the Bankruptcy Court;

RESOLVED, that the form, terms, and provisions of the DIP Orders to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of its obligations under the DIP Credit Agreement and the DIP Orders and such other agreements, certificates, instruments, fee letters, guaranties, notices, receipts, recordings, filings, petitions, motions, or any other papers or documents to which the Filing Entities are or will be parties, including, but not limited to, any security and pledge agreement, guaranty agreement, or loan document, including without limitation any Loan Document as defined in the DIP Credit Agreement (collectively with the DIP Orders and the DIP Credit Agreement, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to the Governing Bodies, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED, that (i) the form, terms, and provisions of the DIP Documents, substantially in the form delivered pursuant to the DIP Credit Agreement, (ii) each Company's execution and delivery of the DIP Documents, and (iii) each Company's performance of its respective obligations (including, without limitation, any guarantee and/or grant of security interests) under any DIP Documents, in each case be, and hereby is, in all respects, confirmed, authorized, ratified, and approved;

RESOLVED, that, in accordance with the terms and conditions of the DIP Credit Agreement and at the times and in the manner specified therein, as applicable, the Borrower may borrow from the lenders party thereto such amounts as may be available to it thereunder, such borrowings to have the maturity, to be payable and prepayable and bear interest at the rates specified in the DIP Credit Agreement, and that each of the Authorized Signatories at the time in office acting singly is authorized, on behalf of the Borrower, to cause such Borrower to make the borrowings contemplated by the DIP Credit Agreement, the making of such borrowings to be conclusive evidence that the same has been authorized by each Governing Body;

RESOLVED, each Company will obtain benefits from the incurrence of the borrowings under the DIP Facility and the other obligations under the DIP Facility which are necessary and convenient to the conduct, promotion, and attainment of the business of each Company;

RESOLVED, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including that each Guarantor (as defined in the DIP Credit Agreement) be and hereby is, authorized to guarantee the payment and performance of the obligations, liabilities, and indebtedness of the Borrower arising under, out of,

or in connection with, the DIP Credit Agreement or on one or more of the DIP Documents executed and delivered in connection therewith, and any amendments to such DIP Credit Agreement or other DIP Documents;

**RESOLVED**, that the Authorized Signatories of the Filing Entities be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and (i) execute the DIP Transactions, including delivery of:  (a) the DIP Documents and any amendments thereto; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by any agent under the Prepetition Credit Agreement or the DIP Documents (each, an "Agent"); and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents and perform or cause the Filing Entities to perform the obligations thereunder, (ii) grant and continue to grant liens on its property as set forth in the DIP Documents and to take such further action to maintain and perfect such liens and otherwise as necessary to effect the purposes of the DIP Documents, including, without limitation, to pledge and deliver stock certificates and promissory notes and to execute and deliver any and all certificates, intellectual property security agreements, and (iii) guarantee obligations, as applicable, pursuant to the DIP Documents and the terms of the DIP Facility;

**RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to file or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Filing Entities that the Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Entities and such other filings in respect of intellectual and other property of the Filing Entities, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders; and

**RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Filing Entities in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate and enter into supplemental agreements, amendments, instruments, certificates, consents or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents or documents in the name and on behalf of each Filing Entity, which shall in their sole judgment be necessary, proper, or advisable to perform the Filing Entities' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

*General Authorization*

**BE IT RESOLVED**, that the officers of each Company shall be, and each of them individually hereby is, authorized for and on behalf of the applicable Company to do and perform all such acts to effectuate the purposes and intents of the foregoing resolutions and to enter into, execute and deliver all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to pay all expenses, including but not limited to filing fees, that in their business judgment are necessary or appropriate to effectuate and carry out the purposes and intent of the foregoing resolutions (such determination to be conclusively evidenced by the taking of such action or execution thereof);

**RESOLVED**, that the Governing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Organizational Documents of each Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, affirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Bodies; and

The actions taken by this consent shall have the same force and effect as if taken at a special meeting of the Governing Bodies, in each case, duly called and constituted, pursuant to the Organizational Documents of the applicable Company and the applicable laws of the jurisdiction in which the Company is organized.  This written consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same consent.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

By: _____
Andrew Wilkins

By: _____
Phillip Druce

By: _____
Bryan Bevin

By: _____
Beth Neuhoff

By: _____
Scott Vogel

By: _____
Robert Warshauer

*****

**ZIPS PORTFOLIO I, LLC**

By: _____

Name: Phillip Druce
Title:   Authorized Signatory


**ZIPS PORTFOLIO II, LLC**

By: _____

Name: Phillip Druce
Title:   Authorized Signatory


**ZIPS PORTFOLIO III, LLC**

By: _____

Name: Phillip Druce
Title:   Authorized Signatory


**ZIPS PORTFOLIO IV, LLC**

By: _____

Name: Phillip Druce
Title: Authorized Signatory


**ZIPS 6050 WADE HAMPTON, LLC**
**ZIPS 3107 N. PLEASANTBURG, LLC**
**ZIPS 2900 WADE HAMPTON, LLC**

By: Zips Car Wash, LLC
Its: Sole Member

By: _____

Name: Phillip Druce
Title: Authorized Signatory

## **Schedule 1**

**ZIPS CAR WASH, LLC**
**ZIPS PORTFOLIO I, LLC**
**ZIPS PORTFOLIO II, LLC**
**ZIPS PORTFOLIO III, LLC**
**ZIPS PORTFOLIO IV, LLC**
**ZIPS 6050 WADE HAMPTON, LLC**
**ZIPS 3107 N. PLEASANTBURG, LLC**
**ZIPS 2900 WADE HAMPTON, LLC**